Wright, J.,
delivered the opinion of the Court.
This was a motion made in £he Circuit Court of Knox county, for judgment against the defendant, as sheriff of Campbell county, and his securities in office, *677 for failing to make due and proper return of an execution.
The judgment was refused by the Circuit Judge, and the motion dismissed at the plaintiff’s costs, and he has appealed in error to this Court.
It appears, that on the 24th of November, 1857, an execution was issued to the sheriff of Campbell county, for the sum of $317 81J, from the Circuit Court of Knox county, founded upon a judgment in that Court, in favor of the plaintiff, against one Arnold, returnable to the next term of said Court, ' which, by law, commenced its session the' first Monday in February. This execution came to the hands of the defendant, William Warner, as the sheriff of Campbell county, on the 26th of the same month, and he did not, in fact, return it to the next term of -the Knox Circuit Court, until the Friday of the second week of the term, and gave, as a reason for its non-return, that he' had mistaken the time of holding the Court. The execution, when returned, had a levy on a tract of land endorsed .upon it, with these further words:: “And authorized by the plaintiff to return this Fi. Fa. to be renewed this 12th of December, 1857. Wu. WARNER, Sheriff.
And the question now is, whether, inasmuch as the defendant failed, actually, to return this execution, as required by law, on the first day of the term, he was excused from so doing, by the fact stated in his return, that the plaintiff had authorized him to return it to he renewed. And we hold he was not. The only effect of the plaintiff’s authority, was to postpone the sale under that writ, and it did not, in the least, excuse the sheriff for failing to return the execution. The plaintiff did *678 not interfere with that duty, and the law made it peremptory that he should perform it. This question was decided in Clingman vs. Barrett et al., 6 Humph., 20-22. It may be a hard case upon the sheriff, but as said by the Court in that case, this can form no part of our investigation. The law is so written, and the Court has no power to refuse a judgment when demanded in such a case. Even the insolvency of the debtor, or a payment to the creditor, as has been repeatedly held,- can constitute no valid defense for the non-return of the execution. 6 Humph., 22; 10 do 316. ■
The judgment of the Circuit Court will be reversed, and judgment rendered here against the sheriff and his sureties, for the judgment, interest, and 12J per cent, damages.